JANE H. GALLOWAY

*v.*

JOHN GARLAND *et al.*

*Filed at Springfield September 28, 1882.*

SPECIFIC PERFORMANCE—*the alleged contract must be proven.*  In order to entitle a person to the specific performance of an alleged contract to convey land, the contract must be proven.  The mere expression of an intention to make a gift of the land will not suffice.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JAMES M. RIGGS, for the plaintiff in error:

The rule is familiar that when there is great delay in filing a bill, by a party claiming specific performance, no relief will be granted.  *McLaurie* v. *Barnes*, 72 Ill. 77; *Alexander* v. *Hoffman*, 70 id. 119; *Brink* v. *Steadman*, id. 243.

That Thomas G. Garland was a minor, is no excuse for the delay in asserting a right to a specific performance. *Walker* v. *Douglas*, 70 Ill. 456.

The fact of the payment of the taxes, by the vendor, after the alleged sale, for a series of years, is a strong circumstance against the party seeking to enforce its specific per-

formance against the vendor. *Goss* v. *Jones,* 73 Ill. 509; *Worth* v. *Worth,* 84 id. 444; *McCormick* v. *Sage,* 87 id. 490.

It must be made clearly to appear that the contract, when verbal, was made, and its terms must be clearly proven, and it must be shown that its terms have been relied on and performed by the party seeking its specific performance. *Hartwell* v. *Block,* 48 Ill. 304.

A decree for specific performance is not a matter of course. Whether such relief shall be granted or not, rests in the discretion of the chancellor, and it will only be decreed upon clear proof of a right to it. *Race* v. *Weston,* 86 Ill. 95; *Alexander* v. *Hoffman,* 70 id. 119.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill for specific performance, by John Garland, against Jane H. Galloway and others. The contract of which specific performance is sought, is thus set out in the bill: In 1868, John Galloway, step-father of John Garland, then in life, since deceased, owned lot 1, in Watts' addition to Winchester, Illinois, which was unimproved, and then agreed with complainant that "if complainant would take possession of and improve said lot, and build upon said lot a homestead or building, and improve said lot, he, said Galloway, would deed and convey said lot to one Thomas Garland, a minor son of complainant, to be held by said Thomas Garland for complainant and his family." It is alleged that in consideration of such agreement, John Garland took possession of the lot in 1868, fenced and improved it, and built a house on it, and expended thereon $700. The answer of Jane H. Galloway puts in issue all the material allegations of the bill. The court below decreed in accordance with the prayer of the bill, and Jane H. Galloway prosecutes the present writ of error thereon.

We have carefully examined the evidence, and are of opinion that it does not authorize the decree. There is not

a particle of evidence, that we have been able to discover, that John Galloway and John Garland ever had any agreement whatever with regard to the conveyance of the lot in question, nor is there any evidence that John Galloway agreed to convey the lot to Thomas Garland, to be held by him for John Garland and his family. There is evidence that Galloway said he was going to deed the lot to Thomas Garland, but, so far as appears, this was the mere expression of an intention to make a gift. There is no proof that John Garland expended money or bestowed labor upon the faith of it, or, indeed, that he ever knew that Galloway had expressed such an intention. The evidence shows, undoubtedly, that John Garland moved his family upon this lot, and made some improvements thereon. A house was bought and removed on the lot, but this seems to have been paid for by Galloway. So, also, Galloway paid for putting a foundation under the house and building a flue.

This bill was not filed until August, 1879,—eleven years after the making of the alleged contract, and three years after the death of John Galloway. There is no satisfactory explanation of this long delay. During the lifetime of John Galloway he paid all the taxes on the property, and the only taxes paid by complainant, or his son Thomas, were paid about the time of the filing of the bill. This, and the long and unexplained delay, we regard as strong circumstances tending to rebut the idea that there ever was any actual agreement whereby John Galloway bound himself to convey this lot, as alleged.

Being of opinion that the evidence does not authorize the decree, it is reversed, and the cause remanded.

*Decree reversed.*