ELIZABETH ANDERSON, Appellant, *vs.* CHARLES L. MAN-
NERS, Admr., *et al.* Appellees.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. SPECIFIC PERFORMANCE—*when oral contract to convey should
be specifically enforced.* An oral agreement to convey a house
and lot to the complainant should be enforced after the promisor's
death, where the evidence sufficiently establishes the agreement,
shows possession and full performance by the complainant and pre-
sents a state of facts under which a great wrong would be done
the complainant if the relief were denied.

2. SAME—*what tends to show possession by the complainant as
owner.* Proof that the complainant in a specific performance case
had paid rent for the premises as a boarding house up to the time
they were purchased by one of her boarders, and that thereafter
she paid for what improvements were made but paid no rent to
the purchaser, who frequently spoke of the property as belonging
to her, tends to show her possession as owner and not as a tenant,
though the purchaser mortgaged the property and took tax receipts
in his own name.

VICKERS, CARTER and DUNN, JJ., dissenting.

APPEAL from the City Court of East St. Louis; the
Hon. W. J. N. MOYERS, Judge, presiding.

WISE & KEEFE, for appellant.

W. P. LAUNTZ, and JAMES M. DILL, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the city court of
East St. Louis by Elizabeth Anderson, the appellant, against
the unknown heirs of John H. Kinsley, deceased, Charles
L. Manners, administrator of the estate of John H. Kins-
ley, deceased, and the trustees of the Golden Rule Lodge of
Independent Order of Odd Fellows of East St. Louis, ap-
pellees, for the specific performance of a contract whereby
John H. Kinsley is alleged to have agreed, by parol, to
convey to the appellant a certain house and lot described in

the bill, situated in the city of East St. Louis. Answers and replications were filed and a hearing was had in open court, and a decree was entered dismissing the bill for want of equity, and Elizabeth Anderson has prosecuted an appeal to this court.

The evidence shows that the appellant was a widow and kept a boarding house in the city of East St. Louis; that John H. Kinsley, who was an old man, was unmarried, was in poor health and was without relatives, and who had made his home at the boarding house of the appellant for a number of years, in 1904 purchased the house and lot wherein the appellant kept her boarding house; that thereafter and until his death, on July 20, 1908, Kinsley paid the appellant no board and that the appellant paid no rent for the use of the house; that upon the death of Kinsley the appellant expressed surprise that Kinsley had not made a will or left a deed conveying said house and lot to her. At the time of the purchase of the house and lot by Kinsley, and up to the time of his death, he was afflicted with a bowel and urinal trouble, soiled his clothing and his bedding, and Mrs. Anderson during all that time cared for him, washed his clothing and bedding, prepared separate meals for him, and, as one witness expressed it, for a long time cared for him as she would for a baby, he during a large portion of that time being confined to his room and bed. The evidence shows that after Kinsley purchased the house and lot in controversy, he said to appellant, in substance, You will not have to move; I have purchased this house and lot, and if you will take care of me in the future as long as I live, the same as you have in the past, this house is yours; to which appellant replied accepting said proposition. A large number of witnesses who appear to have been well acquainted with appellant and with Kinsley stated that on numerous occasions subsequent to the purchase of the house and lot Kinsley stated to them, and sometimes in the presence of the appellant, that the appel-

lant had taken good care of him and given him a good home and that he had bought the house for her, and that it was her house.

While the law required, in a case like this, that the proof should clearly establish the contract and its terms must be certain and specific before it can be enforced in equity, (*Geer* v. *Goudy,* 174 Ill. 514; *Seitman* v. *Seitman,* 204 id. 504; *Standard* v. *Standard,* 223 id. 255; *Daly* v. *Kohn,* 234 id. 259;) we think when the evidence, as a whole, is considered it establishes that Kinsley stated to the appellant if she would take care of him during the remainder of his life the house and lot in which she then lived was her property, and that the appellant accepted the proposition and faithfully performed the contract on her part by furnishing Kinsley a good home and caring for him for a number of years, and up to the time of his death, during which time he was old and infirm. Our conclusion, therefore, is, that the contract relied upon by appellant was satisfactorily established by the evidence.

We are also of the opinion that the evidence shows that the appellant took possession of the property under the contract made with Kinsley and remained in possession thereof until his death. Prior to the purchase of the house by Kinsley the appellant had paid rent therefor. Immediately after its purchase she ceased to pay rent, and during the time she lived in the house, and thereafter, and up until the time of Kinsley's death, she was in the sole possession of said premises as owner and not as tenant, during which time Kinsley often spoke of the house in her presence, as her home, and when asked to sell it or trade it said it belonged to the appellant, and a few days before his death he stated to the appellant that he had the matter all fixed and she would get the house and lot. Some tax receipts have been introduced in evidence which recite Kinsley paid the taxes on the property subsequent to its purchase by him. There is, however, no evidence in the record

with whose money he paid them, and the evidence tends to show that what improvements were made upon the property were paid for by the appellant, and while, subsequent to its purchase, Kinsley placed a mortgage on the property for $500 with which to supply his temporary wants, we do not think that fact, except as to the mortgagee, should prejudice the rights of the appellant.

We have read this entire record with care, and think the appellant has shown such a case as to entitle her to equitable relief within the principles announced in numerous decisions in this and other courts, (*Warren* v. *Warren,* 105 Ill. 568; *Brown* v. *Sutton,* 129 U. S. 238; *Alexander* v. *Alexander,* 150 Mo. 595;) and are impressed with the view that to refuse the appellant equitable relief, under the circumstances of this case, would be to inflict upon her a great wrong.

The decree of the city court will be reversed and the case will be remanded to that court, with directions to enter a decree in accordance with the prayer of the bill, subject, however, to the lien of the mortgage.

*Reversed and remanded, with directions.*

Mr. JUSTICE DUNN, dissenting:

Mrs. Anna Ferguson, who had been for several years, and at the time of the hearing still was, a domestic in the employ of appellant, was the only witness to any conversation between appellant and the deceased. She testified that about the time Kinsley bought the premises in question, at a time when no one was present but Mrs. Anderson, Kinsley and herself, Mr. Kinsley said to Mrs. Anderson: "Don't worry; you don't have to leave." She said, "Why?" He said, "I have bought this place, and as long as you take care of me in the future as you have in the past this home is yours." Mrs. Anderson said, "I will." On cross-examination she did not remember what rent Mrs. Anderson paid; that she gave him board for the rent.

This was the only evidence tending in the slightest degree to prove a contract between appellant and Kinsley. This witness and others testified to statements made by Kinsley out of the presence of appellant, such as that the place belonged to Mrs. Anderson; that he had bought the place for Mrs. Anderson; that he was going to give her the place; that it would all be hers some day; that he intended to leave her that house; that the place was going to be Mrs. Anderson's; that she had taken care of him and that was her home and always would be; that she was to take care of him until he died; that he had given her the house because she was taking care of him and was good to him.

To authorize a court to enforce the specific performance of a parol contract to convey land the contract must be certain and definite in its terms, and these must be clearly established by evidence free from doubt or suspicion. (*Worth* v. *Worth*, 84 Ill. 442; *Clark* v. *Clark*, 122 id. 388.) The cases cited in the principal opinion are to the same effect and the rule is not questioned.

The allegation of the bill is, that Kinsley "proposed to complainant that if she would continue to reside upon said premises and furnish to the said John H. Kinsley his board and lodging and do his washing and give him such attention as he might reasonably need, that in consideration thereof such property should be hers from that date and she should have the title thereto upon his death, and that complainant at that time, in consideration of said John H. Kinsley investing her with the ownership of such property, agreed to furnish him his board and lodging and do his washing and mending, and give him such attention as he might need and supply him with a home." The utmost extent of the proof is, that Kinsley said the home was hers as long as she took care of him in the future as she had in the past. There is no question but that this promise was completely performed by Kinsley and that the home was

appellant's as long as she took care of him. There is no evidence in this record that he ever contracted with her to give her the property. The evidence of his declarations to others indicates his intention but not his contract to do so. Evidence of intention to give property to another, or of declarations that it had been given to another or belonged to another, does not prove a contract to convey and will not authorize a decree for specific performance. (*Galloway* v. *Garland,* 104 Ill. 275; *Cassel* v. *Cassel,* id. 361; *Standard* v. *Standard,* 223 id. 255; *Worth* v. *Worth, supra.*) The statements and declarations of the deceased do not tend to prove any contract. The contract which the testimony of Anna Ferguson tends to prove is not that alleged in the bill, and the evidence shows it was fully performed.

There is no evidence whatever that appellant took possession of the property under any contract. When Kinsley bought it she was in possession as tenant of his vendor, paying $25 per month rent. There was no change in the character of her possession. It is probable that after Kinsley bought the place she paid no rent and that Kinsley paid no board, though there is no direct evidence on the question. Mrs. Ferguson's statement that Mrs. Anderson gave Kinsley board for the rent is probably correct, though it is not certain that she had any knowledge about it. There is no evidence and no presumption that the rent was not a fair equivalent for the board and services that Kinsley received. The tax receipts were in Kinsley's name, and there is no evidence and no presumption that they were not paid with his own money. No improvements were made on the property except very trifling temporary repairs, which might be expected to be done by a tenant.

The defendants in their answer relied upon the Statute of Frauds as a defense. A parol contract to convey land will not be enforced unless the evidence shows clearly that the vendee took possession of the land under the contract

itself and in part performance of it, and not otherwise. (*Wood* v. *Thornly,* 58 Ill. 464; *Padfield* v. *Padfield,* 92 id. 198; *Clark* v. *Clark,* 122 id. 388; *Shovers* v. *Warrick,* 152 id. 355; *Ransom* v. *Ransom,* 233 id. 369; *Standard* v. *Standard, supra.*) All acts relied on to defeat the Statute of Frauds must be done under the contract, for the purpose of performing it. If referable to any other cause they are not sufficient. Here appellant was already in possession as tenant. There is no evidence of payment of taxes by her, or of change of possession, or any single act not as readily referable to her tenancy as to the supposed contract.

In my judgment the evidence was insufficient to warrant a decree in favor of the complainant, and the bill was properly dismissed.

VICKERS and CARTER, JJ., also dissenting.